IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M., a minor, by and through her guardian LATANYA BENSON; and LATANYA BENSON, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-01463 CW<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND STRIKE PORTIONS OF FIRST AMENDED COMPLAINT |

INTRODUCTION

Defendant San Francisco Unified School District moves to dismiss two of Plaintiffs' claims and to strike portions of Plaintiffs' First Amended Complaint (FAC).[1]  Plaintiffs oppose this motion.  Having considered oral argument and all of the parties'

---

[1] At the hearing on this motion, the Court indicated that it would grant Defendant's motion with leave to amend and stated that Plaintiffs should file an amended complaint "within two weeks of when Court issues order."  Plaintiffs filed a Second Amended Complaint on July 30, 2009, before this order was issued. Defendant filed a motion to dismiss and strike portions of the Second Amended Complaint on August 19, 2009.  The Court had intended that Plaintiffs wait to file their amended complaint until they received the guidance in this order.  The Court issues the order nonetheless and will proceed to adjudicate Defendant's motion to dismiss the Second Amended Complaint on the papers.

papers, the Court GRANTS Defendant's motions to dismiss and strike, and grants leave to amend.

BACKGROUND

Plaintiffs T.M., a minor child, and Latanya Benson, her aunt, legal guardian and guardian ad litem, filed this lawsuit. The FAC alleges as follows. T.M. is a disabled minor child as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (ADA), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 (Section 504), and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 (IDEA). T.M. is in the fifth grade and has been diagnosed with attention deficit hyperactivity disorder and hearing loss and is entitled to receive special education services under a primary classification of SLD (specific learning disability). FAC ¶ 4. T.M. resides with Benson.

On April 18, 2008, the District requested a hearing before the Office of Administrative Hearings (OAH) on the subject of whether the District's decision to place T.M. into a special day class (SDC) at El Dorado School was appropriate. FAC ¶ 8. The hearing took place before an administrative law judge from December 9 through 12, 2008. At the hearing, a District witness testified that the District's decision to place T.M. at the SDC was, in part, based on the fact that she is African-American and "looks like" the other children in that classroom. FAC ¶ 11. The witness also stated that ninety percent of all of the children that the District places in segregated SDC classes are minorities. Id. The District objected to this line of questioning and the ALJ sustained the objection. Id.

2

On January 5, 2009, the ALJ issued her decision, finding that the District's offer of placement at the SDC at El Dorado Elementary School constituted an offer of a free appropriate public education (FAPE) in the least restrictive environment (LRE) as required by the IDEA. FAC ¶ 5. The District then transferred T.M. from her general education placement class to the SDC at El Dorado. Benson subsequently removed T.M. from public school and enrolled her in a private school.

Having exhausted administrative remedies, Plaintiffs brought this lawsuit in federal court against the District, appealing the decision of the ALJ pursuant to the IDEA, alleging the District violated T.M.'s rights under the IDEA and Section 504 and alleging the District violated T.M.'s constitutional right to the equal protection of the law based on her race under Section 1983 of Title 42 of the United States Code.

The District filed this motion to dismiss all but Plaintiff's IDEA claim, and to strike all portions of the complaint seeking monetary damages.

LEGAL STANDARDS

I. Dismissal Under Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007). In considering

3

whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  Id. at 296-97.

II.  Motion to Strike Under Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense.  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  Matter is immaterial if it has no essential or important relationship to the

4

claim for relief pleaded. <u>Fogerty</u>, 984 F.2d at 1527. Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. <u>Id.</u>

DISCUSSION

I. Motion to Dismiss

    A. Section 504 Claim

T.M. alleges the District discriminated against her in violation of Section 504 by making its determination regarding her special education program based in part on her race as opposed to her educational needs, denying her the benefits of receiving full and equal access to the public education programs and activities offered within the District. FAC ¶ 22, 24.

The District argues this claim should be dismissed because T.M. does not allege discrimination on the basis of disability. Although the Section 504 claim in the FAC alleges discrimination based only on race, in her opposition, T.M. argues: "It is precisely because Plaintiff has a disability together with the fact that she is African American that Defendant felt justified in placing her in a SDC." Pl.'s Opp'n at 6. T.M.'s opposition makes clear that she intended to allege that she was discriminated against for two reasons--her disability and her race.

Section 504 provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a)(1). Thus, Section 504 requires that T.M. (1) have a

5

1  disability, (2) be otherwise qualified to participate in a program
2  receiving federal financial assistance, and (3) be excluded due to
3  discrimination solely by reason of her disability.  See Gates v.
4  Rowland, 39 F.3d 1439, 1445 (9th Cir. 1994). The United States
5  Department of Education (DOE) regulations implementing Section 504
6  include a requirement that disabled children in schools receiving
7  federal funds be provided a "free appropriate public education."
8  34 C.F.R. § 104.33.  The regulations further require that
9  recipients of federal funding place individuals in a "regular
10 educational environment" unless it can be shown that "the education
11 of the person in the regular environment with the use of
12 supplementary aids and services cannot be achieved satisfactorily."
13 34 C.F.R. § 104.34.
14     Because the FAC does not allege T.M. was excluded from her
15 regular education environment by reason of her disability, it does
16 not state a claim upon which relief can be granted under Section
17 504.  The District's motion to dismiss T.M.'s Section 504 claim is
18 granted.  T.M. may amend her complaint to allege discrimination on
19 the basis of disability.[2]

---

[2] The Fifth and Tenth Circuits have both dismissed claims under Section 504 where plaintiffs alleged discrimination on the basis of disability and some other form of discrimination.  See Johnson v. Thompson, 971 F.2d 1487, 1493 (10th Cir. 1992); Soledad v. United States Dep't of Treasury, 304 F.3d 500, 504 (5th Cir. 2002).  The Ninth Circuit has not ruled on the meaning of "solely" in the context of multiple forms of discrimination and Section 504.  See Doe v. United States, 44 F.3d 715, 721-22 (9th Cir. 1995), vacated on other grounds, 518 U.S. 1041 (1996).  Plaintiff may also attempt to plead in the alternative as to the bases of the alleged discrimination.

B. Section 1983 Claim

Plaintiffs allege they were discriminated against in violation of 42 U.S.C. § 1983 when the District made the decision to place T.M. in the SDC based on her race as opposed to her educational needs in order to put her in a class with other students who "look like her." FAC ¶ 31. The District contends this claim must be dismissed, arguing that the District is protected by Eleventh Amendment immunity, that Plaintiff Benson, as T.M.'s legal guardian, does not have standing to bring the claim, that the claim improperly relies upon the IDEA, and that no constitutional violation is sufficiently alleged.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.'" Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United

7

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent. Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 250 (9th Cir. 1992). To determine whether a school district is a state agency for the purposes of the Eleventh Amendment, the Ninth Circuit has established a multi-factored balancing test summarized in Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988), cert. denied, 490 U.S. 1081 (1989). The first factor, whether a money judgment would be satisfied out of state funds, is the most important. Belanger, 963 F.2d at 251. In Belanger, the Ninth Circuit noted that, unlike in most states, California school districts have budgets that are controlled and funded by the state government rather than the local districts. Id. at 251. Under the revenue limit system, state and local revenue is commingled in a single fund under state control. Id. at 252. The Belanger court found that the school district is an agent of the state, that it performs state governmental functions and that, because a judgment against a school district would be satisfied out of state funds, school districts are immune from suit under Section 1983. Id. at 254-55.

Plaintiffs argue that the District should not be protected by Eleventh Amendment immunity because the Amendment's jurisprudence has become "esoteric and abstruse" and because of Plaintiffs' reading of Regents of the Univ. of Cal. v. Doe, 519 U.S. 425 (1997). These arguments fail. This Court must follow Ninth Circuit precedent, which has clearly established that, in

8

1 California, school districts have Eleventh Amendment immunity from
2 Section 1983 claims.  See Belanger, 963 F.2d at 254-55; Stoner v.
3 California, 502 F.3d 1116 (9th Cir. 2007).

4     In Regents, the Supreme Court held that the fact that the
5 federal government has agreed to indemnify a state instrumentality
6 against the costs of litigation does not divest the state agency of
7 Eleventh Amendment immunity.  Regents, 519 U.S. at 426.  The Court
8 noted that the question of whether a particular state agency has
9 the same kind of independent status as a county or is instead an
10 arm of the state and therefore protected by the Eleventh Amendment
11 can be answered only after considering the provisions of state law
12 that define the agency's character.  Id. at 429, n.5.  Plaintiffs
13 are correct that the Court's holding in Regents states that a
14 public entity may be an "arm of the State" in some circumstances
15 and not in others, but misstate the factors crucial to that
16 determination.  Pl.'s Opp'n at 10.  "[I]t is the entity's potential
17 legal liability, rather than its ability or inability to require a
18 third party to reimburse it, or to discharge the liability in the
19 first instance, that is relevant.  Surely, if the sovereign State
20 of California should buy insurance to protect itself against
21 potential tort liability to pedestrians stumbling on the steps of
22 the State Capitol, it would not cease to become 'one of the United
23 States.'"  Regents, 519 U.S. at 431.  Using this meaning, the Ninth
24 Circuit, in Stoner, found that the plaintiff's action against Santa
25 Clara County Office of Education was barred by state sovereign
26 immunity, because it was an "arm of the State" under Regents.
27 Stoner, 502 F.3d at 1122.

28

9

Accordingly, Plaintiffs' argument that the District's liability insurance coverage deprives the District of its Eleventh Amendment immunity fails. See Regents, 519 U.S. at 431. Plaintiffs also argue that changes in California law, including the increase in the number of public charter schools, and changes by state policymakers in 2002 and 2003, which have increased financial flexibility of school districts, should deprive it of Eleventh Amendment immunity. However, as stated above, the Ninth Circuit, in Stoner, has found school districts in California to be immune as recently as 2007, and this Court is bound by that determination.

Because the District is protected by Eleventh Amendment immunity from Plaintiffs' Section 1983 claim, the Court grants the District's motion to dismiss the claim and the request for damages pursuant to this claim. The Court grants leave to amend. Claims against individual defendants or claims seeking injunctive relief against the District would not be barred by the Eleventh Amendment. However, as the Ninth Circuit held in Blanchard v. Morton School District, 509 F.3d 934, 937-38 (9th Cir. 2007), the IDEA does not create rights enforceable under Section 1983. Plaintiffs must base their Section 1983 claim upon a constitutional right, such as the Fourteenth Amendment, or a law enforceable under Section 1983. In addition, if Plaintiff Benson seeks to bring a Section 1983 claim on her own behalf, as distinct from her claim on behalf of T.M. as her guardian at litem, she must allege specifically which of her constitutional rights were violated and what harm she suffered apart from harm to T.M..

10

II. Motion to Strike

A. Paragraph 20

The District argues that Plaintiffs may not seek monetary damages in connection with their IDEA claim and moves to strike Paragraph 20 of the FAC, which alleges damages sustained by Plaintiffs as a result of the allegedly erroneous decision of the ALJ. The District argues that the IDEA does not allow courts to award monetary damages based on loss of educational opportunity or on emotional injury.

The IDEA allows courts to grant "such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B)(iii). The IDEA has been held to authorize reimbursement for private special-education services when a public school fails to provide a FAPE and the private-school placement is appropriate. Sch. Comm. Of Burlington v. Dep't of Ed. of Mass., 471 U.S. 359, 370 (1985). The Supreme Court's recent decision in Forest Grove Sch. Dist. v. T.A., 557 U.S. ___ (2009) broadened the scope of Burlington, holding that parents could seek reimbursement even when the child had never received special-education services through the public school. However, the District is correct that, under the IDEA, Plaintiffs may not seek general money damages for emotional distress or intangible loss of educational opportunity. The District's motion to strike Paragraph 20 is granted. Leave to amend is granted if Plaintiff seeks to recover reimbursement for private special-education services under the IDEA.

B. Paragraphs 26 and 33

The District argues that Plaintiffs may not seek punitive

11

damages in connection with their Section 504 and 1983 claims and moves to strike Paragraphs 26 and 33, which allege that Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendant and to deter others from like conduct. Plaintiffs state they do not seek punitive damages on their Section 504 claim. Pl.'s Opp'n at 14-15. Furthermore, because Plaintiffs' Section 504 and 1983 claims are dismissed, the motion to strike Paragraphs 26 and 33 is granted.

### C. Prayer for Award of Monetary Damages

Paragraph 3 of Plaintiffs' prayer for relief requests monetary damages be awarded in accordance with proof. The District moves to strike this portion of the FAC, arguing, as stated above, that monetary damages are not available under the IDEA and that the Section 504 and 1983 claims should be dismissed, leaving no basis for monetary damages. The motion to strike Paragraph 3 of the prayer for relief is granted. Plaintiffs may amend their complaint to state a claim under statutes which provide for monetary damages.

### CONCLUSION

For the foregoing reasons, the District's motions to dismiss and strike (Docket # 13) are GRANTED.

IT IS SO ORDERED.

Dated: 9/1/09

CLAUDIA WILKEN
United States District Judge

12