IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M., a minor, by and through her guardian LATANYA BENSON; and LATANYA BENSON, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, ANGIE SHARBAUGH and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-01463 CW<br><br>ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION TO STRIKE |

INTRODUCTION

Defendants San Francisco Unified School District and Angie Sharbaugh, a Content Specialist employed by the District, move to dismiss some of Plaintiffs' claims and to strike portions of Plaintiffs' Second Amended Complaint (SAC). Plaintiffs oppose this motion. The motion was taken under submission and decided on the papers. Having considered all of the papers filed by the parties, the Court GRANTS, in part, Defendants' motion to dismiss and denies the motion to strike.

BACKGROUND

This case arises from the placement of T.M, a minor who has been diagnosed with attention deficit hyperactivity disorder and hearing loss, in a special day class (SDC) offered by the District. Plaintiffs are T.M. and Latanya Benson, T.M.'s aunt and legal

guardian. In the First Amended Complaint (FAC) the District was the only named Defendant and Plaintiffs alleged claims based on violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1990; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701; and the Equal Protection clause of the Fourteenth Amendment by way of 42 U.S.C. § 1983. The District moved to dismiss the Rehabilitation Act and § 1983 Equal Protection claims. At the July 16, 2009 hearing on the District's motion, the Court indicated that it would grant Defendant's motion with leave to amend and that Plaintiffs should file an amended complaint within two weeks from the date the Court issued its written order. However, on July 30, 2009, due to a misunderstanding, Plaintiffs filed their SAC without waiting for the guidance of the Court's written order. On September 1, 2009, the Court issued a written order dismissing the Rehabilitation Act claim because the FAC did not allege that T.M. was discriminated against based upon her disabilities and dismissed the § 1983 Equal Protection claim because the District was immunized from suit for damages by the Eleventh Amendment. The Court granted leave to amend for Plaintiffs to allege discrimination based on T.M.'s disabilities and to bring a § 1983 Equal Protection claim against the District for injunctive relief and against an individual for monetary relief.

In Plaintiffs' SAC, they sue the District and Sharbaugh in her individual and official capacities and re-allege many of the facts they asserted in their FAC. The following are allegations that are asserted for the first time in the SAC. On the third day of the

2

hearing before the Administrative Law Judge (ALJ), Angie Sharbaugh testified on behalf of the District and stated that "Defendants' decision to place T.M. at the El Dorado SDC was in part based on the fact that T.M. is African-American and 'looks like' the other children in that classroom . . . that 90% of all of the children that Defendants place in segregated SDC classes are minorities and that it is 'the norm' that students of color are placed in special day class." SAC at ¶ 12. The District's actions were intentional and motivated, at least in part, by racial animus towards Plaintiffs. SAC at ¶ 31. Defendant Sharbaugh "made her determination regarding a special education program based in part on T.M.'s race as opposed to her unique educational needs; and intentionally placed T.M in a racially segregated special day class so that she could be with other students that 'look like' her, instead of allowing her to integrate with majority children." SAC at ¶ 53. As a result of Defendant Sharbaugh's action or inaction, in her individual capacity, T.M was denied the benefits of a free appropriate public education (FAPE) to which she was entitled under the IDEA. SAC at ¶ 54. "By virtue of her position in which she was an employee of the District, Defendant Sharbaugh knew or should have known that her actions in making her determination regarding a special education program based on T.M.'s race as opposed to her educational needs denied Plaintiff the benefits of a FAPE to which T.M. was entitled under the IDEA." SAC at ¶ 56.

Based upon these allegations, in addition to the IDEA claims alleged in the FAC, Plaintiffs assert against both Defendants the following claims: violation of Title VI of the Civil Rights Act of

1964; violation of California Government Code § 11135; violation of California Civil Code § 51, the Unruh Civil Rights Act; racial discrimination in violation of California Education Code § 220; and, by Plaintiff T.M. only against Defendant Sharbaugh as an individual, a § 1983 claim for violation of her Fourteenth Amendment Equal Protection rights. Plaintiffs do not re-assert the Rehabilitation Act claim and, in their opposition, concede they cannot bring IDEA claims against Sharbaugh. Plaintiffs seek injunctive relief, compensatory damages and punitive damages. Defendants move to dismiss all claims, with the exception of the IDEA claims against the District, and move to strike certain paragraphs in the SAC.

LEGAL STANDARDS

I. Dismissal Under Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request

4

to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

II. Motion to Strike Under Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

DISCUSSION

I. Benson's Standing to Bring Non-IDEA Claims on Her Own Behalf

In every federal case, the court must make a threshold determination of standing. Warth v. Seldin, 422 U.S. 490, 498 (1975). "The question of standing 'involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" Bennett v. Spear, 520 U.S. 154, 162 (1997) (quoting Warth, 422 U.S. at 498). To satisfy the case or controversy requirement of Article III, which is the "irreducible

5

constitutional minimum" of standing, a plaintiff must have suffered (1) an injury in fact, (2) that is fairly traceable to the actions of the defendant, (3) which will likely be redressed by a favorable court decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). An "injury in fact" is more than an injury to a cognizable interest; to satisfy this requirement, the injury must be concrete and particularized. Id. According to the Lujan court, "particularized" means that the injury must have affected the plaintiff "in a personal and individual way." Id. at 560 n.1.

In addition to the immutable, constitutional requirements of Article III, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." Valley Forge v. Americans United, 454 U.S. 464, 474-75 (1982). Among these prudential limits is the doctrine that a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statute invoked in the suit. Allen v. Wright, 468 U.S. 737, 751 (1984); Valley Forge, 454 U.S. at 474-75. Another prudential limit is the principle that the plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499. Unlike the Article III requirements, however, the prudential limitations can be modified or abrogated by Congress. Id. at 501.

Defendants argue that Benson has standing to bring only the IDEA claims on her own behalf because the allegations in the complaint assert injuries to T.M., not to Benson. Citing Winkelman v. Parma City School Dist., 550 U.S. 516 (2007), Benson contends

that she is a victim of Defendants' illegal practices as well as T.M. and that, unlike non-minority parents, she is forced either to pay for a private education for T.M. or to allow T.M. to be placed in a segregated class.

Winkelman provides that the IDEA grants parents independent, enforceable rights in federal court. Id. at 526, 535. The Court noted that there are two means of cost recovery in the IDEA: reimbursement to parents for the cost of private school enrollment in the event the court finds the agency has not made a FAPE available to the child; and an award of attorneys' fees. Id. at 526. However, Winkelman addressed parents' standing to sue only under the IDEA and cannot be construed to confer standing on parents to sue in their own right on any other cause of action.

Plaintiffs' SAC does not assert allegations of injury to Benson. Therefore, Benson lacks standing to assert the non-IDEA claims on her own behalf. All non-IDEA claims brought by Benson are dismissed. However, because Plaintiffs filed their SAC before the Court issued its written order, Benson is granted leave to amend to assert allegations that she herself was harmed by Defendants' illegal conduct, as specified below.

II. Eleventh Amendment Immunity

The Eleventh Amendment provides, in relevant part, that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ." U.S. Const., Amend. XI. States are protected by the Eleventh Amendment from suits by citizens in federal court unless the defendant has waived immunity

or Congress has exercised its Fourteenth Amendment power to override immunity. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996); Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Eleventh Amendment protection extends to suits brought against state agencies, Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993), and to suits for damages brought against state officials acting in their official capacity, Will, 491 U.S. at 71. However, the Eleventh Amendment does not bar a request for prospective injunctive relief, based on federal law, against a state official acting in his or her official capacity. Edelman v. Jordan, 415 U.S. 651, 664 (1974). The Eleventh Amendment does not bar individual capacity suits. Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir. 1988).

Plaintiffs concede that they can bring federal claims against the District only for prospective injunctive relief and, in their opposition, acknowledge that their state claims for monetary relief against the District are barred also. They ask that these claims be dismissed without prejudice to re-filing in state court. However, Plaintiffs argue that, to the extent their state claims seek injunctive relief against the District, they are not barred, and that the Eleventh Amendment does not bar claims for damages against Sharbaugh acting in her individual capacity.

In Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 105-06 (1984), the Supreme Court held that the Eleventh Amendment affords protection from suit in federal court to states and state officials on state claims whether damages or prospective injunctive relief is requested. See also, Air Transport Ass'n of America v.

8

<u>Public Utilities Com'n of State of Cal.</u>, 833 F.2d 200, 204 (9th Cir. 1987) (same). Therefore, all state claims against the District and Sharbaugh in her official capacity are dismissed without prejudice to re-filing in state court.

Defendants argue that Sharbaugh is immune from suit in her individual capacity because the allegations in the SAC indicate that, in regard to the events at issue, she was acting in her official capacity. In their § 1983 Equal Protection claim, Plaintiffs allege that Sharbaugh, as an individual, decided on a special education program based on T.M.'s race and intentionally placed T.M. in a racially segregated special day class so that she could be with students that look like her. SAC at ¶¶ 53-54. In addition, the caption of the SAC indicates that Sharbaugh is being sued individually as well as in her official capacity.

On a motion to dismiss, the allegations in the complaint are taken to be true. Thus, for purposes of this motion, Plaintiffs' allegation that Sharbaugh was acting in her individual capacity when she discriminated against T.M. will be taken as true. Although Plaintiffs do not repeat, in their claims under Title VI, California Government Code § 11135, California Education Code § 220 and the Unruh Act, that Sharbaugh, as well as the District, discriminated against T.M., it can be inferred that their allegations apply to these causes of action as well. Thus, the Eleventh Amendment does not immunize Sharbaugh from suit on these claims.

However, the Title VI claim and the California Government Code § 11135 claim must be dismissed for different reasons. As to the

9

Title VI claim, several district courts in this circuit have held that, because Title VI is directed at programs that receive federal assistance, there is no right of action against individual employees or agents of those entities. See Clemes v. Del Norte County Unified Sch. Dist., 1994 WL 317546, *4-5 (N.D. Cal.); Johnson v. Telew, 2007 WL 414346, *3 (D. Or.) (the text of Title VI precludes liability against those who do not received federal funding, including individuals); Atkins v. The Bremerton Sch. Dist., 2005 WL 1356261, *2 (W.D. Wash.). The Court finds this reasoning persuasive and holds there is no right of action against individuals under Title VI. Therefore, the Title VI claim against Sharbaugh in her individual capacity is dismissed. In regard to the Government Code § 11135 claim, Plaintiffs concede that they have failed to exhaust state administrative remedies and cannot bring this claim for damages against Sharbaugh individually. Thus, the Government Code § 11135 claim is dismissed in its entirety.

In sum, the motion to dismiss the state claims against the District and against Sharbaugh in her official capacity is granted without leave to amend. The Government Code § 11135 and Title VI claims against Sharbaugh individually are dismissed without leave to amend. The Education Code § 220 and Unruh Act claims against Sharbaugh individually are not dismissed.

III. Title VI Claim

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., prohibits discrimination on the basis of race by any program or activity that receives federal financial assistance. Discriminatory intent is required to obtain compensatory relief,

but it is not required for declaratory and injunctive relief. Guardians Ass'n v. Civil Serv. Com'n of City of New York, 463 U.S. 582, 584 (1983).

Plaintiffs allege a Title VI claim for injunctive and monetary relief against both Defendants. Based on the above Eleventh Amendment immunity analysis, Plaintiffs may assert a Title VI claim only for prospective injunctive relief against the District and Sharbaugh in her official capacity. Defendants claim that Plaintiffs' allegations do not state a claim against the District for prospective injunctive relief.

Under the Title VI caption in their SAC, Plaintiffs allege that they are minorities and that the District intentionally made its determination regarding T.M.'s special education placement based on her race as opposed to her educational needs, thus depriving her of equal access to the public education programs and activities offered by the District. These allegations are sufficient to state a Title VI claim against the District and Sharbaugh in her official capacity.

Citing Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008), Defendants argue that these allegations fail to state a claim because Plaintiffs must assert that T.M. has been treated differently than other similarly situated person outside her protected class. However, Shakur addressed a motion for summary judgment. Id. at 883. On a motion to dismiss, a plaintiff is required only to put the defendants on notice of the claims against them. Plaintiffs' allegations are sufficient to provide notice to the District as to why it is being sued under Title VI.

Therefore, the Court denies Defendants' motion to dismiss the Title VI claim for prospective injunctive relief against the District and Sharbaugh in her official capacity. The motion is granted in regard to the Title VI claim for monetary relief.

IV. Section 1983 Equal Protection Claim Against Sharbaugh

First, Defendants argue that Sharbaugh, in her official capacity, has Eleventh Amendment immunity from suit and she cannot be sued as an individual because none of the allegations address actions she took as an individual. Defendants are correct that Sharbaugh, in her official capacity, is immune from suit for money damages. However, as discussed above, Plaintiffs allege that Sharbaugh, acting as an individual, discriminated against T.M. On a motion to dismiss, where the allegations in the complaint are taken as true, this is sufficient to state a claim against Sharbaugh in her individual capacity.

Next, Defendants argue that all the allegations against Sharbaugh are based upon her testimony at the administrative hearing and that testimony is privileged under California Civil Code § 47. Plaintiffs respond that the § 1983 Equal Protection claim is based upon Sharbaugh's conduct, not her testimony. Paragraph 56 of the SAC alleges that, by virtue of her actions, Sharbaugh discriminated against T.M. This is sufficient to state a § 1983 Equal Protection claim against Sharbaugh based upon her conduct.

Next, citing Plaintiffs' opposition to the motion to dismiss the FAC and Blanchard v. Morton Sch. Dist., 509 F.3d 934, 938 (9th Cir. 2007) (ruling that § 1983 claim for violations of IDEA

12

precluded by IDEA's comprehensive enforcement scheme), Defendants argue that the § 1983 Equal Protection claim is based impermissibly upon the IDEA. However, from the allegations in the SAC, it is clear that the § 1983 Equal Protection claim arises from discrimination against T.M. based upon her race, which is prohibited by the Fourteenth Amendment of the United States Constitution. These allegations are adequate to state a § 1983 Equal Protection claim.

Therefore, Defendants' motion to dismiss T.M.'s § 1983 Equal Protection claim against Sharbaugh in her individual capacity is denied.

V. Motion to Strike

Defendants move to strike any allegations seeking damages under the IDEA for pain and suffering. Plaintiffs do not respond to this argument. As stated above, under the IDEA, parents are entitled to recover the cost of private school enrollment and attorneys' fees. Therefore, all other requests for damages under the IDEA are stricken.[1]

Defendants argue that all other requests for damages should be stricken because all claims have been dismissed. As discussed above, the claims under the Unruh Act, Education Code § 220 and § 1983 against Sharbaugh as an individual have not been dismissed. Therefore, requests for damages under these claims are not stricken.

---

[1] Defendants present no authority for their argument that these costs are not recoverable because they were not litigated before the ALJ.

13

Defendants argue that all requests for punitive damages should be stricken. Plaintiffs state that they are seeking punitive damages only against Sharbaugh in her individual capacity under the § 1983 Equal Protection claim. Punitive damages against an individual under § 1983 are allowed when the defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others. Smith v. Wade, 461 U.S. 30, 56 (1983).

Plaintiffs allege that Sharbaugh's conduct was willful, wanton, malicious and oppressive and justifies the awarding of punitive damages. Although these allegations are conclusory, on a motion to dismiss the Court will not strike the request for punitive damages under § 1983.

Defendants move to dismiss various allegations relating to the claims they seek to dismiss. This motion is denied.

VI. Leave to Amend

In their opposition, Plaintiffs request leave to amend to seek injunctive relief against the District on the § 1983 Equal Protection claim and to add a § 1983 Equal Protection claim by Benson in her own right. Defendants do not respond to this request, and it is granted.

Although Plaintiffs have amended their complaint twice, leave to amend will be granted because, due to a misunderstanding, Plaintiffs filed their SAC before the Court issued its written order. As stated above, Plaintiffs also are granted leave to allege causes of action under Title VI, the Unruh Act, and California Education Code § 220 on Benson's behalf, based on claims

14

of injury to herself.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted, in part, and the motion to strike is denied (docket # 22). The remaining claims are Count One, by both Plaintiffs against the District appealing the administrative hearing; Count Two, by both Plaintiffs against the District based on the IDEA; Count Three, T.M.'s Title VI claim against the District for prospective injunctive relief; Count Five, T.M's claim for violation of the Unruh Act against Sharbaugh in her individual capacity; Count Six, T.M's claim for violation of Education Code § 220 against Sharbaugh in her individual capacity; and Count Seven, T.M's § 1983 Equal Protection claim against Sharbaugh in her individual capacity. Plaintiffs are granted leave to amend. They may allege the following on Benson's behalf: a § 1983 Equal Protection claim for damages against Sharbaugh in her individual capacity; a Title VI claim against the District for prospective injunctive relief, and claims under the Unruh Act and Education Code § 220 against Sharbaugh in her individual capacity. Plaintiffs may also seek injunctive relief against the District under the § 1983 Equal Protection claim.

If Plaintiffs wish to file a third amended complaint (TAC), they must do so within twenty-one days from the date of this Order; they may only add the allegations indicated in this Order and are advised to state separately the conduct of each Defendant upon which each cause of action is premised. If they do not file an amended complaint within this time period, the case will proceed

15

based on the surviving claims in the SAC.

If Plaintiffs file a TAC, Defendants' answer or motion to dismiss is due three weeks from the date the TAC is filed. Plaintiffs' opposition is due two weeks thereafter and Defendants' reply is due one week later. The motion will be submitted on the papers. If Plaintiffs do not file a TAC, Defendants' answer to the SAC is due two weeks from the date of this Order. A case management conference is scheduled for April 20, 2010.

IT IS SO ORDERED.

Dated: January 16, 2010

CLAUDIA WILKEN
United States District Judge

16