Douglas N. Freifeld, SBN 114804
dfreifeld@fagenfriedman.com
Lenore Silverman, SBN 146112
lsilverman@fagenfriedman.com
Joshua A. Stevens, SBN 228239
jstevens@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for Defendants SAN FRANCISCO
UNIFIED SCHOOL DISTRICT and ANGIE
SHARBAUGH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| T.M., a minor, by Guardian ad Litem LATANYA BENSON and LATANYA BENSON,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT and ANGIE SHARBAUGH,<br><br>                    Defendants. | CASE NO. C09-01463 CW<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO REPLACE DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**<br><br>Trial Date:          None |

**SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING:**

WHEREAS, the parties in the above-referenced matter participated in a Case Management Conference before the Hon. Claudia Wilkin on May 11, 2010;

WHEREAS, during the course of the Case Management Conference, counsel for Plaintiff pointed out that Defendants' Answer to the Third Amended Complaint, filed on March 1, 2010, Document No. 36 in the Court's docket ("Answer"), included Plaintiff minor's first name in several instances;

WHEREAS, following discussion in open court, and as evidenced in the Court's Minute Order and Case Management Order filed on May 11, 2010, it was agreed that Defendants would

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

redact the Answer and prepare a stipulation and order regarding removing the Answer with the Plaintiff minor's name and having a redacted copy filed "in its place;" and

WHEREAS, attached hereto as Exhibit A is a true and correct copy of the redacted copy of Defendants' Answer to the Third Amended Complaint, Document No. 36, filed on March 1, 2010.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective undersigned counsel, that the redacted copy of Defendants' Answer to the Third Amended Complaint, attached hereto as Exhibit A, replace the Answer currently in the Court's docket as Document No. 36, and request that the original Answer be destroyed.

**IT IS SO STIPULATED.**

DATED: May 17, 2010                    Respectfully submitted,

                                       FAGEN FRIEDMAN & FULFROST, LLP


                                       By:  /s/ Joshua A. Stevens
                                            Joshua A. Stevens
                                            Attorneys for Defendants SAN FRANCISCO
                                            UNIFIED SCHOOL DISTRICT and ANGIE
                                            SHARBAUGH

DATED: May 17, 2010                    Respectfully submitted,

                                       ADAMS ESQ, A Professional Corporation


                                       By:  /s/ Jean Adams
                                            Jean Adams
                                            Attorneys for Plaintiffs T.M., a minor, by
                                            Guardian ad Litem LATANYA BENSON and
                                            LATANYA BENSON

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1

**[PROPOSED]** ORDER

2      IT IS HEREBY ORDERED, pursuant to the above Stipulation of the parties, that the

3   redacted copy of Defendants' Answer to the Third Amended Complaint, attached hereto as Exhibit

4   A, replace the Answer currently in the Court's docket as Document No. 36, and that the original

5   Answer be destroyed.

6

7

8   DATED: ___5/27/2010_____               Hon. Claudia Wilken

9   00239.00157/202022.1                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

# EXHIBIT A

1  Douglas N. Freifeld, SBN 114804
   dfreifeld@fagenfriedman.com
2  Lenore Silverman, SBN 146112
   lsilverman@fagenfriedman.com
3  Joshua A. Stevens, SBN 228239
   jstevens@fagenfriedman.com
4  FAGEN FRIEDMAN & FULFROST, LLP
   70 Washington Street, Suite 205
5  Oakland, California  94607
   Phone: 510-550-8200
6  Fax: 510-550-8211

7  Attorneys for Defendants SAN FRANCISCO
   UNIFIED SCHOOL DISTRICT and ANGIE
8  SHARBAUGH

9              UNITED STATES DISTRICT COURT

10     NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

12  T.M., a minor, by Guardian ad Litem          CASE NO. C09-01463 CW
    LATANYA BENSON and LATANYA
13  BENSON,                                      DEFENDANTS' ANSWER TO THIRD
                                                 AMENDED COMPLAINT
14            Plaintiffs,

15     vs.

16  SAN FRANCISCO UNIFIED SCHOOL
    DISTRICT and ANGIE SHARBAUGH,
17
              Defendant.
18

19

20         COMES NOW Defendants San Francisco Unified School ("District") and Angie

21  Sharbaugh (collectively referred to herein as "Defendants") who hereby answer the Third

22  Amended Complaint ("TAC") filed by Plaintiffs T.M., a minor, by Guardian ad Litem LaTanya

23  Benson and Lat Tanya Benson ("Plaintiffs") as follows:

24                I.      INTRODUCTION

25         1.      In response to the first sentence of paragraph 1 of the TAC, Defendants admit that

26  this is an appeal of a Special Education Administrative Hearing, but deny all other allegations

27  contained therein.  In response to the second sentence of paragraph 1 of the TAC, Defendants deny

28  each and every allegation contained therein.  In response to the third sentence of paragraph 1 of

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California  94607
Main: 510-550-8200 • Fax: 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1  the TAC, Defendants are without sufficient knowledge or information to form a belief as to the

2  truth of the allegations therein and, on that basis, deny each and every allegation contained therein.

3  In response to the fourth sentence of paragraph 1 of the TAC, Defendants are without sufficient

4  knowledge or information to form a belief as to the truth of the allegations therein and, on that

5  basis, deny said allegation contained therein.  In response to the fifth sentence of paragraph 1 of

6  the TAC, Defendants are without sufficient knowledge or information to form a belief as to the

7  truth of the allegations therein and, on that basis, deny each and every allegation contained therein.

8  In response to the sixth sentence of paragraph 1 of the TAC, Defendants are without sufficient

9  knowledge or information to form a belief as to the truth of the allegations therein and, on that

10  basis, deny each and every allegation contained therein.

11      2.      In response to the first sentence of paragraph 2 of the TAC, Defendants admit that

12  Plaintiffs seek prospective injunctive relief for the reasons stated therein, but deny that Defendants

13  excluded Plaintiff T.M. from school, deprived her of appropriate special education services, or

14  unilaterally assigned her to a segregated classroom in whole or in part because of her race.  In

15  response to the second sentence of paragraph 2 of the TAC, Defendants deny each and every

16  allegation contained therein.  In response to the third sentence of paragraph 2 of the TAC,

17  Defendants deny each and every allegation contained therein.  In response to the fourth sentence

18  of paragraph 2 of the TAC, Defendants admit that Plaintiffs seek compensatory relief for the

19  reasons stated therein, but deny that Defendants harmed Plaintiffs.  In response to the fifth

20  sentence of paragraph 2 of the TAC, Defendants admit that Plaintiffs seek punitive relief against

21  Defendant Sharbaugh in her individual capacity, but deny that Defendant Sharbaugh acted in her

22  individual capacity, or that she acted recklessly or callously indifferent to Plaintiffs' federally

23  protected rights.  In response to the sixth sentence of paragraph 2 of the TAC, Defendants deny

24  each and every allegation contained therein.

## II.    JURISDICTION

25

26      3.      In response to paragraph 3 of the TAC, Defendants admit each and every allegation

27  contained therein.

28      4.      In response to paragraph 4 of the TAC, Defendants deny they or either of them

1   violated the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the

2   United States ("Section 1983"), Title VI of the Civil Rights Act of 1964 ("Title VI"), California

3   Civil Code §51, et seq. ("Unruh Civil Rights Act") and California Education Code §220.  With

4   respect to the other allegations contained in paragraph 4, Defendants admit each and every

5   allegation contained therein.

**III.    VENUE**

7       5.      In response to paragraph 5 of the TAC, Defendants admit each and every allegation

8   contained therein.

9       6.      In response to paragraph 6 of the TAC, Defendants admit each and every allegation

10   contained therein.

**IV.    PARTIES**

12      7.      In response to paragraph 7 of the TAC, Defendants admit each and every allegation

13   contained therein except for the allegation regarding Plaintiff's T.M.'s hearing loss.  Defendants

14   affirmatively assert that Plaintiff T.M.'s mild hearing loss was not found to impede her learning.

15      8.      In response to the first sentence of paragraph 8 of the TAC, Defendants admit

16   Plaintiff Benson is the aunt and legal guardian of T.M., and admit that San Francisco is within the

17   District's boundaries, but are without sufficient knowledge or information to form a belief as to the

18   truth of the remaining allegations therein and on that basis deny each and every other allegation

19   therein.  In response to the second sentence of paragraph 8 of the TAC, Defendants admit each and

20   every allegation contained therein.  In response to the third sentence of paragraph 8 of the TAC,

21   Defendants admit that the Supreme Court's decision speaks for itself and deny all allegations

22   within paragraph 8 that attempt to characterize, paraphrase or expand on the language and

23   decisional law under the Supreme Court decision.  In response to the fourth, fifth and sixth

24   sentences of paragraph 8 of the TAC, Defendants deny each and every allegation contained

25   therein.

26      9.      In response to paragraph 9 of the TAC, Defendants admit each and every allegation

27   contained therein.

28      10.     In response to paragraph 10 of the TAC, Defendants admit each and every

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1   allegation contained therein.

2        11.    In response to paragraph 11 of the TAC, Defendants are without sufficient

3   knowledge or information to form a belief as to the truth of the allegations therein and, on that

4   basis, deny each and every allegation contained therein.

5                        **V.    PROCEDURAL HISTORY**

6        12.    In response to the first sentence of paragraph 12 of the TAC, Defendants deny that

7   the special day class at El Dorado School was ever characterized as a class for students with

8   severe cognitive impairments or serious behavioral problems.  With respect to all other allegations

9   contained in paragraph 12, Defendants admit each and every allegation contained therein.

10       13.    In response to paragraph 13 of the TAC, Defendants admit each and every

11  allegation contained therein.

12       14.    In response to the first sentence of paragraph 14 of the TAC, Defendants admit

13  each and every allegation contained therein.  In response to the second sentence of paragraph 14 of

14  the TAC, Defendants admit that the ALJ disclosed that she had previously served as counsel for

15  CDE in connection with a case in which ADAMS ESQ represented the student but in which CDE

16  was not the real party in interest, and are without sufficient knowledge or information to form a

17  belief as to the truth of the remaining allegations therein and on that basis deny each and every

18  other allegation contained therein.  In response to the third sentence of paragraph 14 of the TAC,

19  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

20  allegations therein and, on that basis, deny each and every allegation contained therein.  In

21  response to the fourth sentence of paragraph 14 of the TAC, Defendants admit that Plaintiff T.M.'s

22  counsel informed the ALJ of her election to exercise her right to a peremptory challenge and

23  further informed the ALJ that the issue involved in the other case was almost identical to that in

24  the instant case; however, Defendants are without sufficient knowledge or information to form a

25  belief as to whether the issue involved in the other case was in fact almost identical to that in the

26  instant case and, on that basis, deny that the other case was almost identical to that in the instant

27  case. In response to the fifth sentence of paragraph 14 of the TAC, Defendants admit the ALJ did

28  not recuse herself and did not grant the preemptory challenge, and deny each and every other

1   allegation therein.  In response to the sixth, seventh and eighth sentences of paragraph 14 of the

2   TAC, Defendants admit each and every allegation contained therein.

3        15.     In response to the first sentence of paragraph 15 of the TAC, Defendants admit

4   each and every allegation contained therein.  In response to the second sentence of paragraph 15

5   of the TAC, Defendants admit that on December 11, 2008, Defendant Sharbaugh testified as

6   follows in response to the following question on direct examination:  "Q:  And do you think based

7   on your knowledge of the girls that are in the class and based on your knowledge of ███████ how

8   you believe that match would be?  A:  Well, they look like ███████ and the girls are really sweet.

9   There's some really sweet girls in the classroom and some of them have ADHD too.  But, every

10  time I'm in there I really enjoy the girls.  They're my favorite part of the classroom."  Defendants

11  further admit that on cross-examination, Defendant Sharbaugh testified as follows in response to

12  the following question:  "Q. Ms. Sharbaugh, earlier you said that you thought one of the reasons

13  why El Dorado would be a good fit for ███████ is because of the other girls in the classroom and

14  they all looked like her.  Is that because they're all black?  A.  Yeah.  They're about her grade

15  level, too.  So they're as tall as she is.  They're also African-American.  Yes." and deny each and

16  very other allegation contained in said second sentence of paragraph 15.  In response to the third

17  sentence of paragraph 15 of the TAC, Defendants admit that on December 11, 2008, Defendant

18  Sharbaugh testified as follows in response to the following questions:  "Q.  How many kids in that

19  classroom are African American?  A. I'm trying to think.  I think nine students are African

20  American.  Q.  And the other one?  A.  Is Latino." and deny each and very other allegation in said

21  third sentence of paragraph 15.  In response to the fourth sentence in paragraph 15 of the TAC,

22  Defendants admit that on December 11, 2008, Defendant Sharbaugh testified as follows in

23  response to the following question:  "Q.  Is it odd that there be all minority kids in special day

24  class?  A.  It's actually not odd at all.  I would say 90 percent, and don't quote me on 90 percent,

25  but 90 percent of our special day classrooms are students of color."  In response to the fifth

26  sentence in paragraph 15 of the TAC, Defendants admit that on December 11, 2008, Defendant

27  Sharbaugh testified as follows in response to the following questions:  "Q.  So it would seem to be

28  the norm that students of color are in special day class?  A.  Unfortunately, yes.  Q.  And you think

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1    that because ███████ is with African American kids that's okay for her?  She can not integrate

2    with kids of other color?  A.  No."  In response to the sixth sentence of paragraph 15 of the TAC,

3    Defendants admit the District objected to this line of questioning but deny each and every other

4    allegation contained therein.

5          16.     In response to the first sentence of paragraph 16 of the TAC, Defendants admit that

6    the ALJ took a break in the hearing to consider some information that had been elicited, and deny

7    each and every remaining allegation of said sentence in paragraph 16.  In response to the second

8    sentence of paragraph 16 of the TAC, Defendants admit that after the break the ALJ disclosed that

9    she had served as the CDE attorney assigned to monitor the case of *NAACP v. San Francisco*

10   *Unified School District,* and Defendants are without sufficient knowledge or information to form a

11   belief as to the truth of the remaining allegations therein and, on that basis, deny each and every

12   remaining allegation contained therein.  In response to footnote two of paragraph 16 of the TAC,

13   Defendants assert that the cited case speaks for itself and deny all allegations within footnote two

14   of paragraph 16 that attempt to characterize, paraphrase or expand on the language in said case.  In

15   response to the third sentence of paragraph 16 of the TAC, Defendants admit that after the break

16   the ALJ stated:  "[I]t is not relevant to this case of what the racial composition is of the special day

17   class that is being proposed.  And there will be no more evidence taken concerning that."

18   Defendants deny each and every remaining allegation in said sentence of paragraph 16.  In

19   response to the fourth sentence of paragraph 16 of the TAC, Defendants admit that the ALJ stated:

20   "I am familiar with the fact that the segregation and desegregation of San Francisco Unified

21   School District has been an ongoing issues for many, many, many years.  But in terms of this

22   specific case, first of all, I don't believe that my involvement gives me any reason to recuse

23   myself.  I am familiar with both the government code and the regulations that concern the

24   Administrative Practices Act.  And so I am not going to recuse myself."  Defendants deny each

25   and every remaining allegation of said sentence.

26         17.     In response to paragraph 17 of the TAC, Defendants admit each and every

27   allegation contained therein.

28         18.     In response to the first sentence of paragraph 18 of the TAC, Defendants admit

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1  each and every allegation contained therein.  In response to footnote three of paragraph 18 of the

2  TAC, Defendants admit each and every allegation contained therein.  In response to the second

3  sentence of paragraph 18 of the TAC, Defendants admit student never attended the special day

4  class and deny each and every other allegation contained therein.  In response to the third sentence

5  of paragraph 18 of the TAC, Defendants admit that Benson removed T.M. from public school, but

6  are without sufficient knowledge or information to form a belief as to the truth of the allegations to

7  admit or deny whether Benson "is now forced to pay for her private education" and, on that basis,

8  deny that allegation.

9      19.     In response to paragraph 19 of the TAC, deny that Benson is forced to either pay

10  for private education or allow the student to be placed in a segregated class.  As to the allegations

11  therein regarding the meaning or effect of the Education Code, Defendants admit the cited

12  Education Code provisions speak for themselves and deny all allegations within paragraph 19 that

13  attempt to characterize, paraphrase or expand on the language or meaning of said provisions.

14  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

15  remaining allegations in said paragraph 19 and on that basis deny each and every allegation

16  contained therein.

17      20.     In response to paragraph 20 of the TAC, Defendants deny that the ALJ erred for

18  any of the reasons alleged therein.

19      21.     In response to paragraph 21 of the TAC, Defendants deny that the ALJ "directed"

20  Plaintiffs to proceed to Federal Court, and admit each and every other allegation contained therein.

21                 **VI.    CLAIMS FOR RELIEF**

22      **Count One – Appeal of Administrative Due Process Hearing Against the District**

23      22.     In response to paragraph 22 of the TAC, the District realleges all preceding

24  paragraphs of this Answer as set forth above and incorporates the same as though fully set forth

25  herein.

26      23.     In response to paragraph 23 of the TAC, the District admits the allegations

27  contained therein.

28      24.     In response to paragraph 24 of the TAC, the District denies each and every

1  allegation contained therein.

2      25.    In response to paragraph 25 of the TAC, the District denies each and every

3  allegation contained therein.

4      **Count Two – Violation of Plaintiffs Rights under the IDEA Against the District**

5      26.    In response to paragraph 26 of the TAC, the District realleges all preceding

6  paragraphs of this Answer as set forth above and incorporates the same as though fully set forth

7  herein.

8      27.    In response to paragraph 27 of the TAC, the District denies each and every

9  allegation contained therein.  Moreover, the District asserts that the cited Education Code

10  provisions speak for themselves and deny all allegations within paragraph 27 that attempt to

11  characterize, paraphrase or expand on the language of said provisions.

12      28.    In response to paragraph 28 of the TAC, the District denies each and every

13  allegation contained therein.

14  **Count Three – Violation of Title VI of the Civil Rights Act of 1964 against the District and**

15  **Sharbaugh in her official capacity**

16      29.    In response to paragraph 29 of the TAC, Defendants reallege all preceding

17  paragraphs of this Answer as set forth above and incorporate the same as though fully set forth

18  herein.

19      30.    In response to the first sentence of paragraph 30 of the TAC, Defendants assert that

20  Title VI speaks for itself and deny all allegations within paragraph 30 that attempt to characterize,

21  paraphrase or expand on the language in Title VI.  In response to the second and third sentences of

22  paragraph 30 of the TAC, Defendants deny each and every allegation contained therein.

23      31.    In response to paragraph 31 of the TAC, Defendants deny each and every allegation

24  contained therein.

25      32.    In response to paragraph 32 of the TAC, Defendants admit that on December 11,

26  2008, Defendant Sharbaugh testified as follows in response to the following question on direct

27  examination: "Q:  And do you think based on your knowledge of the girls that are in the class and

28  based on your knowledge of ██████ how you believe that match would be?  A:  Well, they look

1  like ██████ and the girls are really sweet. There's some really sweet girls in the classroom and

2  some of them have ADHD too. But, every time I'm in there I really enjoy the girls. They're my

3  favorite part of the classroom." Defendants further admit that on cross-examination, Defendant

4  Sharbaugh testified as follows in response to the following question: "Q. Ms. Sharbaugh, earlier

5  you said that you thought one of the reasons why El Dorado would be a good fit for ██████ is

6  because of the other girls in the classroom and they all looked like her. Is that because they're all

7  black? A. Yeah. They're about her grade level, too. So they're as tall as she is. They're also

8  African-American. Yes." and deny each and very other allegation contained in paragraph 32.

9      33.    In response to paragraph 33 of the TAC, Defendants deny each and every allegation

10  contained therein.

11      34.    In response to the first sentence of paragraph 34 of the TAC, Defendants admit that

12  Plaintiffs are minorities. Defendants are without sufficient knowledge or information to form a

13  belief as to the truth of the allegations regarding unspecified "protections" asserted in the

14  remainder of the first sentence of said paragraph and on that basis deny each and every allegation

15  contained therein. In response to the second sentence of paragraph 34 of the TAC, Defendants

16  deny each and every allegation contained therein.

17      35.    In response to paragraph 35 of the TAC, Defendants deny each and every allegation

18  contained therein.

19      36.    In response to paragraph 36 of the TAC, Defendants deny each and every allegation

20  contained therein.

21      37.    In response to the first and second sentences of paragraph 37 of the TAC,

22  Defendants deny each and every allegation contained therein. In response to the third sentence of

23  paragraph 37 of the TAC, Defendants admit that Plaintiffs seek injunctive relief, but deny that

24  Defendants engaged in and enforced any unconstitutional and illegal policies, practices, conduct or

25  acts.

26  **Count Four – Violation of Section 1983 of Title 42 of the United States Code by Plaintiffs**

27  **T.M. and Benson against the District**

28      38.    In response to paragraph 38 of the TAC, the District realleges all preceding

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1  paragraphs of this Answer as set forth above and incorporates the same as though fully set forth

2  herein.

3       39.    In response to paragraph 39 of the TAC, the District admits that the language and

4  decisional law under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States

5  Constitution speak for themselves and deny all allegations within paragraph 39 that attempt to

6  characterize, paraphrase or expand on the language and decisional law under 42 U.S.C. § 1983 or

7  the Fourteenth Amendment of the United States Constitution.

8       40.    In response to paragraph 40 of the TAC, the District denies each and every

9  allegation contained therein.

10       41.    In response to paragraph 41 of the TAC, the District admits that California is a

11  compulsory education state.  The District asserts that the legal consequences of California being a

12  compulsory education state speak for themselves and so denies all allegations in paragraph 41 that

13  attempt to characterize, paraphrase or expand on said legal consequences.  The District admits that

14  all parents in the District, regardless of minority status, are treated the same regarding sending

15  their children to public school.  The District denies each and every remaining allegation contained

16  in said paragraph.

17       42.    In response to paragraph 42 of the TAC, the District denies each and every

18  allegation contained therein.

19       43.    In response to paragraph 43 of the TAC, the District denies each and every

20  allegation contained therein.

21       44.    In response to paragraph 44 of the TAC, Defendants deny each and every allegation

22  contained therein.

23  **Count Five – Violation of Section 1983 of Title 42 of the United States Code by Plaintiffs**

24  **T.M. and Benson against Sharbaugh in her individual capacity**

25       45.    In response to paragraph 45 of the TAC, Defendant Sharbaugh realleges all

26  preceding paragraphs of this Answer as set forth above and incorporates the same as though fully

27  set forth herein.

28       46.    In response to the first and second sentences of paragraph 46 of the TAC,

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

10            C09-01463 CW
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1  Defendant Sharbaugh asserts that the language and decisional law under 42 U.S.C. § 1983 and the

2  Fourteenth Amendment of the United States Constitution speak for themselves and deny all

3  allegations within paragraph 46 that attempt to characterize, paraphrase or expand on the language

4  and decisional law under 42 U.S.C. § 1983 or the Fourteenth Amendment of the United States

5  Constitution. In response to the third sentence of paragraph 46 of the TAC, Defendant Sharbaugh

6  asserts that the unspecified "Federal law and regulations" cited therein speak for themselves and

7  denies all allegations within the third sentence of paragraph 46 that attempt to characterize,

8  paraphrase or expand on the language of said provisions.

9    47.    In response to paragraph 47 of the TAC, Defendant Sharbaugh denies each and

10  every allegation contained therein.

11    48.    In response to paragraph 48 of the TAC, Defendant Sharbaugh admits that

12  California is a compulsory education state. Defendant Sharbaugh asserts that the legal

13  consequences of California being a compulsory education state speak for themselves and so denies

14  all allegations in paragraph 48 that attempt to characterize, paraphrase or expand on said legal

15  consequences. Defendant Sharbaugh admits that all parents in the District, regardless of minority

16  status, are treated the same regarding sending their children to public school. Defendant

17  Sharbaugh denies each and every remaining allegation contained in said paragraph.

18    49.    In response to paragraph 49 of the TAC, Defendant Sharbaugh denies each and

19  every allegation contained therein.

20    50.    In response to paragraph 50 of the TAC, Defendant Sharbaugh denies each and

21  every allegation contained therein.

22    51.    In response to the first, second and third sentences of paragraph 51 of the TAC,

23  Defendant Sharbaugh denies each and every allegation contained therein. In response to the

24  fourth sentence of paragraph 51 of the TAC, Defendant Sharbaugh denies that Benson was

25  "required to fund private school, supplies, transportation and special education and related services

26  to T.M. because of race," and admits that all parents in the District, regardless of minority status,

27  are treated the same regarding sending their children to public school. In response to the

28  remaining allegations of paragraph 51 of the TAC, Defendant Sharbaugh denies each and every

11                                                        C09-01463 CW

1   allegation contained therein.

2       52.     In response to paragraph 52 of the TAC, Defendant Sharbaugh denies each and

3   every allegation contained therein.

4       53.     In response to paragraph 53 of the TAC, Defendant Sharbaugh denies each and

5   every allegation contained therein.

6   **Count Six – Violation of Unruh Civil Rights Act Against Sharbaugh in her**

7   **Individual Capacity**

8       54.     In response to paragraph 54 of the TAC, Defendant Sharbaugh realleges all

9   preceding paragraphs of this Answer as set forth above and incorporates the same as though fully

10  set forth herein.

11      55.     In response to the paragraph 55 of the TAC, Defendant Sharbaugh asserts that

12  California Civil Code section 51 *et seq.* (Unruh Civil Rights Act) and the decisional law under it

13  speaks for itself and denies all allegations in paragraph 55 that attempt to characterize, paraphrase

14  or expand on the language in California Civil Code section 51 *et seq.*, the decisional law under it.

15      56.     In response to paragraph 56 of the TAC, Defendant Sharbaugh denies each and

16  every allegation contained therein.

17      57.     In response to paragraph 57 of the TAC, Defendant Sharbaugh denies each and

18  every allegation contained therein.

19      58.     In response to paragraph 58 of the TAC, Defendant Sharbaugh denies each and

20  every allegation contained therein.

21      59.     In response to paragraph 59 of the TAC, Defendant Sharbaugh denies each and

22  every allegation contained therein.

23      60.     In response to paragraph 60 of the TAC, Defendant Sharbaugh denies each and

24  every allegation contained therein.

25  **Count Seven – Racial Discrimination in Violation of California Education Code § 220**

26  **Against Sharbaugh in her Individual Capacity**

27      61.     In response to paragraph 61 of the TAC, Defendant Sharbaugh realleges all

28  preceding paragraphs of this Answer as set forth above and incorporates the same as though fully

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

12                                              C09-01463 CW

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

1  set forth herein.

2      62.     In response to paragraph 62 of the TAC, Defendant Sharbaugh asserts that

3  California Education Code section 220 speaks for itself and denies all allegations within paragraph

4  62 that attempt to characterize, paraphrase or expand on the language in California Education

5  Code section 220.

6      63.     In response to paragraph 63 of the TAC, Defendant Sharbaugh denies each and

7  every allegation contained therein.

8      64.     In response to paragraph 64 of the TAC, Defendant Sharbaugh denies each and

9  every allegation contained therein.

10      65.     In response to paragraph 65 of the TAC, Defendant Sharbaugh denies each and

11  every allegation contained therein.

12      66.     In response to paragraph 66 of the TAC, Defendant Sharbaugh denies each and

13  every allegation contained therein.

14                          **AFFIRMATIVE DEFENSES**

15      As separate affirmative defenses, Defendants allege as follows:

16                      **FIRST AFFIRMATIVE DEFENSE**

17                        **(Failure to State a Claim)**

18      Plaintiffs' First Cause of Action appealing the administrative due process hearing against

19  the District fails to state a claim upon which relief may be granted against the District.

20                     **SECOND AFFIRMATIVE DEFENSE**

21                        **(Failure to State a Claim)**

22      Plaintiffs' Second Cause of Action for relief under the IDEA against the District fails to

23  state a claim upon which relief may be granted against the District.

24                      **THIRD AFFIRMATIVE DEFENSE**

25                        **(Failure to State a Claim)**

26      Plaintiffs' Third Cause of Action for relief under Title VI of the Civil Rights Act of 1964

27  against the District and Sharbaugh in her official capacity fails to state a claim upon which relief

28  may be granted against Defendants.

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiffs' Fourth Cause of Action for relief regarding alleged deprivation of Fourteenth Amendment rights under 42 U.S.C. § 1983 against the District fails to state a claim upon which relief may be granted against the District.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiffs' Fifth Cause of Action for relief regarding alleged deprivation of Fourteenth Amendment rights under 42 U.S.C. § 1983 against Defendant Sharbaugh in her individual capacity fails to state a claim upon which relief may be granted against Sharbaugh.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiffs' Sixth Cause of Action for relief under the Unruh Civil Right Act against Defendant Sharbaugh in her individual capacity fails to state a claim upon which relief may be granted against Sharbaugh.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiffs' Seventh Cause of Action for relief under California Education Code section 220 against Defendant Sharbaugh in her individual capacity fails to state a claim upon which relief may be granted against Sharbaugh.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations Bar)

Plaintiffs' claims under the TAC are barred from relief by operation of any applicable statute[s] of limitations.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

Plaintiffs are barred from relief under the Complaint as to any claim which was not

/ / /

1  addressed by the administrative law judge, based on their failure to fully exhaust administrative

2  remedies.

3  ### TENTH AFFIRMATIVE DEFENSE

4  ### (Discharge of Obligations)

5  Plaintiffs are barred from relief under the TAC because, prior to the commencement of this

6  action, Defendants satisfied or otherwise discharged all duties and obligations owed to Plaintiffs.

7  ### ELEVENTH AFFIRMATIVE DEFENSE

8  ### (Laches)

9  Plaintiffs are barred from relief under the TAC by the equitable doctrine of laches from

10  asserting the claims alleged in the TAC against Defendants.

11  ### TWELFTH AFFIRMATIVE DEFENSE

12  ### (Unclean Hands)

13  Plaintiffs are barred from relief under the TAC by the equitable doctrine of unclean hands

14  from asserting the claims alleged in the TAC against Defendants.

15  ### THIRTEENTH AFFIRMATIVE DEFENSE

16  ### (Waiver)

17  Plaintiffs are barred from relief under the TAC by the equitable doctrine of waiver from

18  asserting the claims alleged in the TAC against Defendants.

19  ### FOURTEENTH AFFIRMATIVE DEFENSE

20  ### (Comparative Fault)

21  Plaintiffs are completely barred from recovery under the TAC as alleged damages, if any,

22  were caused or contributed to by the acts, omissions, fault and misconduct of Plaintiffs, their

23  agents, representatives or attorneys (whose acts, conduct and/or omissions are chargeable to

24  Plaintiffs) or, in the alternative, any recovery of damages by Plaintiffs must be reduced by the

25  amount of damages so caused by the aforesaid acts and/or omissions of Plaintiffs and/or their

26  agents, representatives or attorneys.

27

28

*Fagen Friedman & Fulfrost, LLP*
*70 Washington Street, Suite 205*
*Oakland, California 94607*
*Main: 510-550-8200 • Fax: 510-550-8211*

15

C09-01463 CW

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Immunity)**

Plaintiffs are barred from seeking relief under the TAC because under the Eleventh Amendment of the U.S. Constitution, Defendants are entitled to immunity from suit, for all damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Immunity and Privilege)**

Plaintiffs are barred from asserting the claims alleged in the Complaint against the Defendants as their actions were, at all times, privileged, immune, justified, made in good faith, were done with good cause and/or otherwise lawful.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Business Judgment)**

Plaintiffs are barred from seeking relief under the TAC because any and all acts taken by Defendants affecting Plaintiffs were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity and/or business judgment exercised in good faith upon reasonable information provided to Defendants, and in an effort to comply with legal requirements.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lawful Actions)**

Plaintiffs are barred from seeking relief under the TAC because Defendants' actions were and are privileged, justifiable, based solely on good faith and otherwise lawful.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Compliance with State and Federal Law)**

At all times relevant to the TAC, Defendants have complied with California and federal law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Other Defenses)**

Defendants presently have insufficient knowledge or insufficient information upon which

16

C09-01463 CW

1   to form a belief as to whether they may have additional, yet unasserted, affirmative defenses.

2   Defendants therefore reserve the right to assert additional affirmative defenses in the event

3   discovery indicates it would be appropriate.

### PRAYER

5       WHEREFORE, Defendants pray that judgment be rendered in favor of Defendants and

6   against Plaintiffs as follows:

7       1.    Dismiss Plaintiffs' TAC with prejudice;

8       2.    Deny all forms of relief sought by Plaintiffs against Defendants;

9       3.    Order that Plaintiffs take nothing from the TAC;

10      4.    Order costs of suit in favor of Defendants and against Plaintiffs; and

11      5.    Order such other relief as the Court deems appropriate.

12  DATED: March 1, 2010          Respectfully submitted,

13                    FAGEN FRIEDMAN & FULFROST, LLP

15             By:  /s/ Douglas N. Freifeld

16                 Douglas N. Freifeld
               Attorneys for Defendants SAN FRANCISCO

17                 UNIFIED SCHOOL DISTRICT and ANGIE
               SHARBAUGH

18  00239.00157/184576.1

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT